**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114272

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Donna Giannetti, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Biehl & Biehl, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Donna Giannetti, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Biehl & Biehl, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.      This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

**BARSHAY | SANDERS** PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5.      Plaintiff Donna Giannetti is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant Biehl & Biehl, Inc., is an Illinois Corporation with a principal place of business in Dupage County, Illinois.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.      Defendant alleges Plaintiff owes a debt ("the Debt").

11.      The Debt was primarily for household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.      Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.      Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.      In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 14, 2017. (**"Exhibit 1."**)

15.      The Letter was the initial communication Plaintiff received from Defendant.

16.      The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17.      15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18.      15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

19.      15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20.      The reverse side of the Letter states:

"We are required by regulation of the New York State Department

of Financial Services to notify you of the following information. This information is NOT legal advice.

Your creditor or debt collector believes the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq., to sue on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you may a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

21.    Plaintiff's Debt was incurred with Newsday.

22.    The terms and conditions of Plaintiff's account with Newsday are governed by a contractual agreement between Plaintiff and Newsday.

23.    New York's six-year statute of limitations for collection of a contractual debt applies herein. *See* N.Y.C.P.L.R. § 213 ("The following actions must be commenced within six years: . . . an action upon a contractual obligation or liability[.]").

24.    On information and belief, Plaintiff's debt was not time-barred at the time of Defendant's Letter to Plaintiff.

25.    The Letter's statement that "the legal time limit (statute of limitations) for suing you to collect this debt may have expired" is false.

26.    The Letter's statement that Plaintiff, if sued, "may be able to prevent the creditor from obtaining judgment against you" by way of informing that Court that the statute of limitations has expired, is false.

27.    Whether the creditor may legally sue a consumer in connection with the collection of a debt is a material piece of information to a consumer.

28.    Whether the creditor may legally sue a consumer in connection with the collection of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

29.     The least sophisticated consumer, upon being presented with the above-described statements, would likely be misled into believing she is not at risk of being sued in connection with collection of the subject Debt.

30.     The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the subject Debt, would likely opt to pay another debt that she believes the statute of limitations has not expired on.

31.     The least sophisticated consumer, holding the mistaken belief that she cannot legally be sued in connection with collection of the subject Debt, and upon reading that "if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again," would be strongly disinclined from taking any action whatsoever in response to Defendant's Letter.

32.     The least sophisticated consumer would likely believe that such inaction is in her best interest when, in fact, such inaction would only increase her risk of being sued in connection with collection of the subject Debt.

33.     If sued in connection with collection of the subject Debt, Plaintiff's credit score would likely be negatively and severely affected.

34.     If sued in connection with collection of the subject Debt, and if a judgment is obtained, Plaintiff would be subject to the collection of post-judgment interest on the Debt.  *See* N.Y.C.P.L.R. § 5001(a) ("providing that interest shall be recovered upon a sum of awarded because of a breach of contract").

35.     A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

36.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

37.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

38.     The least sophisticated consumer would likely be deceived by the Letter.

39.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

40.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

41.    Defendant violated § 1692e(2)(A) be falsely representing the legal status of Plaintiff's debt.

42.    Defendant violated § 1692e(10) by using a false representation in its attempt to collect Plaintiff's debt.

## CLASS ALLEGATIONS

43.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a non-time-barred consumer debt using a collection letter that sets forth the same language complained of herein concerning the statute of limitations, from one year before the date of this Complaint to the present.

44.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45.    Defendant regularly engages in debt collection.

46.    The Class consists of more than 35 persons from whom Defendant attempted to collect a non-time-barred consumer debts using a collection letter that sets forth the same language complained of herein concerning the statute of limitations.

47.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

49.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

50.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.   Certify this action as a class action; and

    b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c.   Find that Defendant's actions violate the FDCPA; and

    d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.   Grant Plaintiff's costs; together with

    g.   Such other relief that the Court determines is just and proper.

DATED: September 11, 2018

                        **BARSHAY SANDERS, PLLC**

                        By: _/s/ *Craig B. Sanders* _____
                        Craig B. Sanders, Esq.
                        100 Garden City Plaza, Suite 500
                        Garden City, New York 11530
                        Tel: (516) 203-7600
                        Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114272

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530